IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| James I. Scarpo, | ) | Civil Action No. 1:22-cv-3913-SAL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Order Adopting Report and Recommendation** |
| | ) | |
| Charles Williams, Warden of Perry | ) | |
| Correctional Institution; Cynthia | ) | |
| Baldwin, Dentist; and Director | ) | |
| Bryan Stirling, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Report and Recommendation of Magistrate Judge Shiva V. Hodges (Report), made in accordance with 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B) (D.S.C.). [ECF No. 42.]

Plaintiff filed this case in the Greenville County, South Carolina Court of Common Pleas and Defendants removed to this court. [ECF No. 1.] Plaintiff filed an amended complaint, ECF No. 15, and in response Defendant Baldwin moved to dismiss. [ECF No. 33.] The magistrate judge issued a *Roseboro* order directing the clerk to forward an explanation of dismissal procedures to Plaintiff and directing him to respond to the Motion in thirty-one days. [ECF No. 35.] After the deadline ran with no response from Plaintiff, the magistrate judge issued an Order directing Plaintiff to advise the court whether he wished to continue with this case and to file a response to Defendant's Motion within two weeks of the Order. [ECF No. 40.]

After Plaintiff missed his deadline for a second time, the magistrate judge issued her Report recommending Defendant Baldwin be dismissed for failure to prosecute. [ECF No. 42 at 2.] Attached to the Report was a Notice of Right to File Objections, which directed Plaintiff to file specific written objections within fourteen days of the date of service of the Report. *Id*. at 3.

Objections were due April 17, 2023. Another two weeks have passed since the deadline, and Plaintiff has not filed an Objection. This matter is ripe for ruling.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). With no objections, the court need not explain its reasons for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 42, and incorporates the Report by reference. Accordingly, Defendant Baldwin's Motion to Dismiss, ECF No. 33, is **GRANTED**. Defendant Baldwin is dismissed from this case because of Plaintiff's failure to prosecute.

**IT IS SO ORDERED.**

/s/Sherri A. Lydon

May 11, 2023                                          Sherri A. Lydon
Columbia, South Carolina                             United States District Judge